Case 4:25-cv-04689   Document 3   Filed on 10/03/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
October 03, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE ALFREDO CORTEZ MELENDEZ, | § | |
| A # 027-430-312 | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:25-4689 |
| | § | |
| WARDEN, MONTGOMERY PROCESSING CENTER, *et al.* | § § | |
| | § | |
| Respondents. | § | |

## ORDER FOR EXPEDITED ANSWER

Petitioner Jose Alfredo Cortez Melendez is a detainee in the custody of officials with the United States Department of Homeland Security Immigration and Customs Enforcement (ICE) at the Montgomery Processing Center in Conroe, Texas. Through counsel, Cortez filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. 1). This petition states that the petitioner is a citizen of El Salvador; that an immigration judge ordered the petitioner's release from ICE custody on a $1,500 bond on September 18, 2025; that, as of October 1, 2025, the date of the petition, the petitioner's family has been unable to post the bond despite repeated attempts; and that the respondents have not appealed the immigration judge's order granting bond.

Cortez names as respondents Pam Bondi, United States Attorney General; Secretary Kristi Noem, Department of Homeland Security; Bret Bradford, Houston Field Office Director for ICE; and the warden of the Montgomery Processing Center. He seeks release

on bond and an order that the petitioner not be moved outside the jurisdiction of this Court during these proceedings.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts[1] requires the Court to promptly examine the petition and its attached exhibits and dismiss the petition, in whole or in part, if the face of the petition shows that the petitioner is not entitled to relief.  Having conducted the required examination, and pursuant to 28 U.S.C. § 2241 *et seq*., the Court **ORDERS** as follows:

1. The Clerk will deliver copies of the petition (Dkt. 1) and this order to the United States Attorney for the Southern District of Texas, Nicholas J. Ganjei, by certified mail, return receipt requested to the Civil Process Clerk, 1100 Louisiana St., Houston, TX 77002, and by electronic mail to USATXS.CivilNotice@usdoj.gov.

2. The Clerk will serve copies of the petition (Dkt. 1) and this order by certified mail, return receipt requested, upon: (1) the United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Ave. NW, Washington, D.C. 20530-0001; and (2) Warden, Montgomery Processing Center, 806 Hilbig Rd., Conroe, TX 77301.

3. The warden of the Montgomery Processing Center or the proper respondent must file an answer or other appropriate responsive pleading within **twenty (20) days** after the date of service and must forward a copy to the petitioner's counsel.  This pleading must specifically address whether this Court has jurisdiction to entertain this petition.  The

---

[1] A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241.  *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

respondent is advised that under Federal Rule of Civil Procedure 12(d), if matters outside the pleadings are relied upon, his motion will be treated as a motion for summary judgment and should be entitled as such.

4. In addition to any defense, in law or fact, to a claim for relief by the petitioner, the respondent's answer must contain: (a) a statement of the authority by which the petitioner is held and, if held under the judgment of a court or administrative tribunal, the name of such court or tribunal and the number and style of the case(s) in which those judgments were entered; and (b) a statement as to whether the petitioner has exhausted all available administrative remedies.

5. Whether the respondent elects to submit an answer or a dispositive motion, the petitioner must file any response **within 10 days** of the date reflected on the certificate of service. Under the Court's local rules, the petitioner's failure to respond will be considered a representation that the petitioner does not oppose the motion. *See* S.D. TEX. L.R. 7.4. If the petitioner fails to comply on time, the Court may dismiss this case for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

6. The Court questions whether any of the respondents other than the warden are properly included in this petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) ("there is generally only one proper respondent to a given prisoner's habeas petition" and "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official"); *see also* 28 U.S.C. § 2242 (a federal habeas petition shall be directed to "the person who has custody over [the petitioner]"); 28 U.S.C. § 2243 ("The writ . . . shall be

directed to the person having custody of the person detained."). The Court does not order a response from the respondents other than the warden at this time.

7. The respondents must notify petitioner's counsel and the Court of any anticipated or planned transfer of the petitioner outside of the Southern District of Texas **at least five (5) days before** any such transfer.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____October 3_____, 2025.

_____*George C. Hanks, Jr.*_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE